UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO 08-15023-AJC

IN RE:

OSMANI PEREZ,                                    Chapter 7

    Debtor.
_____/

**RESPONSE TO DEBTOR'S MOTION TO AVOID LIEN**

ALLIANCE LAUNDRY SYSTEMS LLC, Successor in Interest to Huebsch Originators, files its Response to Debtor's Motion to Avoid Judicial Lien and States the following:

**Introductory Statement**

On April 6, 1999, Alliance Laundry Systems LLC, Successor in Interest to Huebsch Originators, obtained a judgment against the Debtor, in Miami-Dade Circuit Court Case No. 98-18156-CA-15. The Judgment, in the amount of $38,065.60, plus interest, was recorded in Official Records Book 18521, Page 2196, Public Records of Miami-Dade County.

On March 10, 2005, the Debtor acquired his interest in the real property that is the subject of Debtor's Motion to Avoid Lien. The Debtor's Motion to avoid Lien seeks the avoidance of the lien imposed on the Debtor's exempt property pursuant to 11 U.S.C. §522(f).

**The Provisions of 11 U.S.C. § 522(f)**

In accordance with 11 U.S. §522(f), a debtor may avoid the fixing of alien on an interest of the debtor in property to the extent that such lien impairs an exemption to

which the debtor would have been entitled to under subsection (b) of this section if such lien is (A) a judicial lien… 11 U.S.C. §522(f).

A judicial lien is a "lien obtained by judgment, levy, sequestration or other legal or equitable process or proceeding." 11 U.S.C. §101(36) (2007). Among the requirements for the avoidance of a judicial lien, a debtor must demonstrate that the lien is a judicial lien which fixed on an interest of the debtor in property and which impairs the debtor's exemption. 11 U.S.C. §522(f) (2007).

**The Temporal Nature of the Fixing of a Lien**

The United States Supreme Court, in Farrey v. Sanderfoot, considered the temporal nature of the language "fixing of a lien" and in doing so it reasoned:

> The statute does not say that the debtor may undo a lien on an interest in property. Rather, the statute expressly states that the debtor may avoid "the fixing" of a lien on the debtor's interest in property. The gerund "fixing" refers to a temporal event. That event -- the fastening of a liability -- presupposes an object onto which the liability can fasten. The statute defines this pre-existing object as "an interest of the debtor in property." Therefore, unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of §522(f)(1).

Farrey v. Sanderfoot, 500 U.S. at 296, 111 S.Ct. at 1829.

The Court in Farrey further noted that the statute specifically limits avoidance of "the fixing of a lien on an interest of the debtor." A fixing that takes place before the debtor acquires an interest, by definition, is not on the debtor's interest. Farrey, 500 U.S. 291. As the Farrey court noted, this construction accords with the legislative purpose of §522(f), which is to protect the debtor's exempt property from creditors who, sensing an impending bankruptcy, quickly obtain a judgment, rendering a debtor unable to claim such property as exempt. As the Court further noted in Farrey: "To permit lien avoidance where the debtor at no point possessed the interest without the judicial lien would allow

2

judicial lienholders to be defrauded through the conveyance of an encumbered interest to a prospective debtor. Pages 1828-1830. <u>Farrey</u>, 500 U.S. 297, 111 S.Ct. 1829. In determining that because the debtor did not possess an interest before the lien "fixed", 11 U.S.C. §522(f) could not be used to avoid the lien. 500 U.S. at 299-300, 111 S.Ct. 1825.

**<u>The Eleventh Circuit Follows Farrey</u>**

The Eleventh Circuit followed the reasoning expressed in <u>Farrey</u> when it decided <u>In re Owen</u>, 961 F.2d 170 (11th Cir.1992). In <u>Owen</u>, the court considered whether a debtor was permitted to avoid a judicial lien on Florida homestead property when the creditor recorded the judgment before the debtor acquired the homestead property. The <u>Owen</u> court held that "Florida law allows attachment of a judgment lien where the lien came into existence prior to the property attaining homestead exemption status." <u>Owen</u>, 961 F.2d at 172. As the <u>Owen</u> court reasoned:

> Because the lien was in existence prior to the property becoming homestead exempt, to permit the debtor's avoidance of this judicial lien would give the debtor a greater interest in the property than he had prior to the filing of the bankruptcy petition. It is clear that prior to the petition the lien was validly attached to the property. Under Florida law, constitutional homestead property *is* exempt from the claims of creditors not secured by a lien on the property. *See* Fla.Stat. §222.20; Fla. Const. Art. 10, §4. Florida law allows, however, attachment of a judgment lien where the lien came into existence prior to the property attaining homestead exemption status, as in this case. Fla.Const. Art. 10, §4, citing <u>Bessemer v. Gersten</u>, 381 So.2d 1344 (Fla.1980).
>
> <u>Owen</u>, 961 F.2d at 172.

**<u>Conclusion</u>**

In the matter *sub judice,* the lien at issue was recorded in 1999. The Debtor acquired his interest in the real property in 2005. Because the judgment lien of Alliance attached to the subject property at the time that the Debtor acquired it in 2005, there was

3

never a "fixing" of a lien on an interest of the Debtor as required under Section § 522(f). Therefore, in accordance with the reasoning expressed by the United States Supreme Court in <u>Farrey</u> and by the Eleventh Circuit in <u>Owen</u>, the requirements of 11 U.S.C. §522(f) have not been met and there can be no avoidance of the lien.

>Respectfully submitted,
>Concepcion, Sexton & Martinez
>355 Alhambra Circle, Suite 1250
>Coral Gables, Florida 33134
>Tel: (305) 444-6669
>Fax: (305) 444-3665
>Email: mkennady@cfclaw.com
>
>**/S/MARIAN KENNADY**
>_____
>MARIAN KENNADY, ESQ**.**
>FBN 379580
>NELSON C. BELLIDO, ESQ.
>FBN 974048

### CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

>**/S/MARIAN KENNADY**
>_____
>MARIAN KENNADY, ESQ**.**
>FBN 379580

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically and by facsimile to Ricardo A. Rodriguez, Esq., The Law Office of Ricardo A. Rodriguez, PA, 7950 W. Flagler Street, Suite 107, Miami, Florida 33144, rarpa@msn.com, and by U.S. mail to Trustee Barry E. Mukamal, 1 SE 3 Ave, Box 158, 10th Floor, Miami, FL 33131, this 23rd day of May, 2008.

CONCEPCION SEXTON & MARTINEZ
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Tel. 305-444-6669; Fax 305-444-3665

/S/ Marian Kennady
_____
MARIAN KENNADY, ESQ.
FBN 379580