

## ORDERED in the Southern District of Florida on June 05, 2008.

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami-Dade Division

IN RE:

OSMANI PEREZ,                                                              CASE NO. 08-15023-BKC-AJC

    Debtor.
_____/

### MEMORANDUM DECISION GRANTING MOTION TO AVOID JUDICIAL LIEN

THIS MATTER came before the Court for hearing on May 28, 2008 upon the Debtor's *Emergency Motion to Avoid Judicial Lien on Real Estate* and upon the response of Alliance Laundry Systems, LLC, successor in interest to Huebsch Originators (the "Judgment Creditor"). The Court, having heard argument of counsel and being otherwise duly advised in the premises, enters the following memorandum decision upon the undisputed material facts.

### BACKGROUND

The Judgment Creditor obtained a Summary Final Judgment against the Debtor on March 18, 1999 for the amount of $38,065.60, plus additional amounts provided therein (the

"Judgment"). The Judgment was recorded on April 6, 1999 in O.R. Book 18521, Page 2196, of the Public Records of Miami-Dade County, Florida.

On March 10, 2005, Debtor purchased real property located at 5711 NW 198 Terrace, Miami, Miami-Dade County, Florida 33015 (the "Property"). The Property was purchased as Debtor's homestead.

Thereafter, on April 23, 2008, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and subsequently filed this Motion seeking to avoid the Judgment lien of the Judgment Creditor pursuant to 11 U.S.C. §522(f).

## THE ISSUE IN THIS CASE

The issue in this case involves the attachment of the Judgment Creditor's lien upon the Debtor's homestead Property and whether the lien, if affixed simultaneously to the Property at the time of the homestead Property's acquisition, is avoidable. Upon review of the authority cited by the parties, the Court finds the lien is avoidable.

In the first situation, the law is clear that if a judgment lien attaches to a property before it was acquired as or became debtor's homestead, such a lien cannot be avoided under 11 U.S.C. §522(f). (Well, almost clear anyway. *But see Owen v. Owen*, 500 U.S. 305 (1991) (Scalia, J)). In the second situation, it is even more clear that a judgment lien that attaches or arises after a debtor acquires or establishes a homestead is avoidable under section 522(f).

Neither is the situation in this case.

The Judgment Creditor has a duly recorded judgment in Miami-Dade County, Florida which was of record when Debtor had no property in the county. During that time frame, the Judgment did not attach or become a lien on any real property.

2

However, on March 10, 2005, Debtor purchased property in Miami-Dade County as his homestead, thus creating the third possible situation. The homestead status and the attaching or fixing of the Judgment Creditor's lien occurred simultaneously. The Court must therefore determine if the attaching or fixing of the lien is entitled to priority and thus, the lien may not be avoided under section 522(f), or if the homestead status is entitled to priority and thus, the lien may be avoided under section 522(f).

The Debtor relies upon *Owen v. Owen* 500 U.S. 305 (1991). The *Owen* case involves Florida property and seems to conclude that a lien that attaches to property not homestead under Florida law can be avoided when the liened property subsequently becomes homestead. This Court is puzzled by the majority's opinion in *Owen*, and finds the dissenting opinion of Justice Stephens to be more persuasive. Nonetheless, *Owen* deals with liens attaching before the debtor had any right to claim an exemption in property and does not address the facts or issue in this case - where the lien right and the exemption right arose simultaneously.

The Debtor further relies on *In re Walker*, 35 B.R. 339 (Bankr. M.D. Fla. 2006) by the learned and venerable Judge Alexander L. Paskay. In *Walker*, a judgment creditor recorded a certified copy of its judgment in the public records of Lee County against the debtor on May 25, 1995. At the time, the debtor had no interest in property to which the judicial lien could attach. Four years later, the debtor and spouse acquired an interest in homestead property in the county where the certified copy of the judgment was recorded. The court held that a Chapter 7 debtor could avoid, on exemption impairment grounds, a judgment lien that arose on debtor's homestead simultaneously with the acquisition of the property, as a result of the judgment having been recorded before the debtor acquired any interest in real property in the county. The *Walker*

case is exactly on point with Debtor's position, and the Court finds Judge Paskay's reasoning to be sound.

Judge Paskay, and the Debtor herein, rely on two other Florida state court cases that reach similar conclusions. In *Quigley v. Kennedy & Ely Ins., Inc.*, 207 So.2d 431, 433 (Fla. 1968), the Supreme Court of Florida, in an opinion by Justice Ervin, held:

> Merely because of the fact the Petitioners did have property of exempt homestead status at the time the judgment was awarded against them, did not prevent them from enlarging their homestead holding by the subsequent purchase of the adjacent seven and one-half acre tract. When Petitioners purchased the adjacent vacant seven and one-half acres it Eo instanti became a part of the homestead. <u>The rule appears to be that 'if the homestead right and the lien attach simultaneously, as in the case of a purchase or inheritance of land by a judgment debtor, priority is also accorded to the claimant of the homestead right.'</u> 26 Am.Jur., Homesteads, s 101, p. 64.

(Emphasis added). The Third District Court of Appeals of Florida in *Bowers v. Mozingo*, 339 So.2d 492 (Fla. 3d DCA 1981) followed the rational of *Quigley*, supra.

Respondent relies on *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825 (1991) to support its position that the lien is not avoidable. The Court has carefully reviewed the opinion in this case and finds it is easily distinguishable from the case before this Court as it decided an issue of Wisconsin law and dealt primarily with issues specific to a domestic relations case. Farrey and Sanderfoot were married and owned their home jointly. As part of a divorce decree, Sanderfoot was granted full ownership of the property and Farrey, the former spouse, was granted a lien to secure payment of monetary obligations imposed on Sanderfoot. After the divorce, Sanderfoot filed for bankruptcy relief and sought to avoid Farrey's lien as impairing his homestead exemption. The *Farrey* court stated that "Sanderfoot took the interest and the lien

together, as if he had purchased an already encumbered estate from a third party. Since Sanderfoot never possessed his new fee simple interest before the lien 'fixed,' §522(f)(1) is not available to void the lien." 111 S.Ct. 1830-31. Unlike the facts in the instant case though, *Farrey* did not involve a previously recorded judgment that simultaneously attached to the debtor's homestead interest in the property and its reasoning is therefore inapplicable to the facts of this case.

The Respondent also urges this Court to follow the decision of the Eleventh Circuit Court of Appeal, citing the *Owen* opinion on remand reported at 961 F.2d 170 (11th Cir 1992). Respondent relies on this Eleventh Circuit opinion without regard for the fact that the case dealt with non-homestead property that was acquired in 1984 whereupon the lien attached, prior to the property acquiring homestead status in 1985. Clearly, the Eleventh Circuit decision is in accord with the first situation referenced, *supra,* herein.

## **CONCLUSION**

The Court agrees with the Judgment Creditor, that where it has recorded a certified copy of its judgment before debtor claims as homestead certain property previously acquired, the debtor acquires the homestead property subject to the lien. However, the Debtor in the case at bar did not acquire the Property prior to declaring it homestead but rather the Property became Debtor's homestead upon purchase. Under these circumstances, the Court concludes that upon the simultaneous imposition of the Judgment Creditor's lien and the Debtor's declared homestead exemption on the Property, the homestead status is entitled to priority and thus, the lien may be avoided under section 522(f). Accordingly, it is

**ORDERED AND ADJUDGED** that the *Emergency Motion to Avoid Judicial Lien on*

*Real Estate* is GRANTED and pursuant to 11 U.S.C. §522(f)(l), the Debtor may avoid the lien of the Judgment Creditor on the Property as such lien simultaneously affixed to the Property with Debtor's homestead interest, and the homestead interest is entitled to priority under the circumstances.

# # #

Ricardo A Rodriguez, Esq.
7950 West Flagler Street
Suite 107
Miami, Florida 33144

Marian Kennady, Esq.
Concepcion, Sexton & Martinez
355 Alhambra Circle
Suite 1250
Coral Gables, Florida 33144

Barry E Mukamal
1 Southeast Third Avenue
Box 158, 10th Floor
Miami, Florida 33131